IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALLEN DAVIES, | No. 2:24-CV-0485-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| REYNOSO, et al., | |
| Defendants. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Reynoso; (2) Canela; (3) Coke; (4) McTaggert; (5) Troncoso; (6) Pendleton; (7) White; (8) Jimenez; (9) Williams; (10) Zirzow; (11) Colb; (12) Nelson; (13) Green; (14) Layman; (15) Jackson; (16) Covello; (17) Pierve; (18) Gerabay; (19) Woodal; (20) Atnip; (21) Rodriguez; (22) Toledo; (23) Hasley; (24) Teves; (25) Holguin; (26) McCleland; and (27) Perez. See ECF No. 1, pgs. 1, 2. Plaintiff alleges that Defendants are prison officials at Mule Creek State Prison (MCSP), the California Health Care Facility (CHCF), and/or the R.J. Donovan Correctional Center (RJD). See id. at 2.

In its entirety, Plaintiff's claim is as follows:

> All defendants knowingly provided chemicals to inmates in violation of CDCR policy, sadistically, with the state of mind to cause me harm in retaliation for the complaints filed on staff. These same correctional employees hand-picked inmates to target Plaintiff, with the intention to cause serious harm. Plaintiff further contends that all of these staff displayed willful deliberate indifference to medical needs once exposed. All of these staff were made aware of need for medical attention. All refused knowing that I was exposed to toxic chemicals. I personally notified each of these staff members of my medical needs, and they displayed willful deliberate indifference. I contend that staff have known about inmates mixing chemicals to harm other inmates for years. I was informed by other inmates that correctional staff were out to get me. I have several declarations to prove it and corroborate my allegations. I further contend that cameras in ASU at RJD & MCSP clearly display correctional staff giving inmates chemicals, in violation of policy, to be used on me. The cameras show C/Os and Sgt's giving the inmates close to me chemicals, also giving the shower cleaners obsequious amounts of said chemicals. I was forced to commit acts of self-harm to be removed from chemical exposure and receive medical attention. I suffered extensive internal damage. Medical records prove something damages my insides. There is no where else the damage could have come from. At

> MCSP I was exposed in 2020, at CHCF 2020-2021, RJD 2019-2023. I contend that cameras in buildings at CCHCF also show staff giving inmates chemicals in violation of CDCR policy. 2021. Staff also damages, stole personal property in retaliation for complaints filed on said staff members. That is why this lawsuit is so late. Numerous documents were intentionally lost/thrown away.

ECF No. 1, pg. 2.

## II.  DISCUSSION

Plaintiff's complaint suffers from the primary defect of failing to include specific allegations as to specific named defendants.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff's reference to "all defendants" is insufficient to link his claims to any of the specific 27 defendants named in the complaint. Plaintiff must outline facts showing how each named defendant caused or contributed to a violation of Plaintiff's constitutional or statutory rights. Plaintiff will be provided leave to amend.

## III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is

informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

**Dated: March 13, 2024**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE