IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALLEN DAVIES, | No. 2:24-CV-0485-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| REYNOSO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 13.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on January 1, 2024. See ECF No. 1. On March 13, 2024, the complaint was dismissed with leave to amend for failing to include specific allegations as to specific named defendants. See ECF No. 12, pgs. 3, 4. Plaintiff then filed his first amended complaint on March 20, 2024. See ECF No. 13.

### B. Plaintiff's Allegations

Plaintiff names the following as defendants: (1) Reynoso, (2) Canela, (3) Coke, (4) McTaggert, (5) Troncoso, (6) Pendleton, (7) White, (8) Immenez, (9) Williams, (10) Zirzow, (11) Colb, (12) Nelson, (13) Green, (14) Layman, (15) Jackson, (16) Covello, (17) Pierce, (18) Rodriguez, (19) Toledo, (20) Halsey, (21) Teves, and (22) Holguin. See id. at 1, 2. Plaintiff alleges that Defendants are prison officials at Mule Creek State Prison (MCSP), the California Health Care Facility (CHCF), and/or the R.J. Donovan Correctional Center (RJD). See id.

The entirety of the original complaint appears again in the first amended complaint, with additional pages making allegations against specific defendants. See id. at 2, 4-6. Plaintiff's original complaint stated only as follows:

> All defendants knowingly provided chemicals to inmates in violation of CDCR policy, sadistically, with the state of mind to cause me harm in retaliation for the complaints filed on staff. These same correctional employees hand-picked inmates to target Plaintiff, with the intention to cause serious harm. Plaintiff further contends that all of these staff displayed willful deliberate indifference to medical needs once exposed. All of these staff were made aware of need for medical attention. All refused knowing that I was exposed to toxic chemicals. I

personally notified each of these staff members of my medical needs, and they displayed willful deliberate indifference. I contend that staff have known about inmates mixing chemicals to harm other inmates for years. I was informed by other inmates that correctional staff were out to get me. I have several declarations to prove it and corroborate my allegations. I further contend that cameras in ASU at RJD & MCSP clearly display correctional staff giving inmates chemicals, in violation of policy, to be used on me. The cameras show C/Os and Sgt's giving the inmates close to me chemicals, also giving the shower cleaners obsequious amounts of said chemicals. I was forced to commit acts of self-harm to be removed from chemical exposure and receive medical attention. I suffered extensive internal damage. Medical records prove something damaged my insides. There is nowhere else the damage could have come from. At MCSP I was exposed in 2020, at CHCF 2020-2021, RJD 2019-2023. I contend that cameras in buildings at CHCF also show staff giving inmates chemicals in violation of CDCR policy. 2021. Staff also damaged, stole personal property in retaliation for complaints filed on said staff members. That is why this lawsuit is so late. Numerous documents were intentionally lost/thrown away.

See ECF No. 1, pgs. 2, 3.

The only additional facts included in the first amended complaint at ECF No. 13 are as follows:

    1.    Between 2020 and 2021, Defendants Reynoso, Canela, Coke, McTaggert, Troncoso, Pendleton, White, Immenez, Williams, Zirzow, Colb, Nelson, Green, and Rodriguez knowingly provided chemicals to inmates targeting Plaintiff for toxic exposure, in retaliation for complaints filed against Defendants, and denied all medical attention requested.

    2.    Between 2020 and 2021, Defendants Layman, Jackson, and Covello knowingly denied transfer and removal from harm's way.

    3.    Between 2020 and 2021, Defendant Covello denied investigation.

    4.    Between 2020 and 2021, Defendant Pierce withheld and lost personal property for 16 months in retaliation for complaints filed against staff.

    5.    In 2022, Defendant Rodriguez and Toledo, and Defendant Halsey in 2021, gave Plaintiff's personal property to other inmates in retaliation.

    6.    In 2021, Defendant Teves provided chemicals that were placed in Plaintiff's meal and denied all requested medical treatment.

    7.    In 2021, Defendant Holguin knowingly provided chemicals to inmates that exposed Plaintiff, resulting in hospitalizations, and denied/delayed medical care.

See ECF No. 13, pgs. 4-6.

///

## II. DISCUSSION

Given that Plaintiff names prison officials at three different prisons, it appears that the amended complaint suffers from misjoinder of claims and/or parties. Plaintiff will be provided an opportunity to cure this problem consistent with the principles outlined below.

Federal Rule of Civil Procedure 18(a) limits the joinder of claims, whereas Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit. Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 20(a)(2) states: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Courts have recognized that when multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. See Herndon v. Mich. Dep't of Corr., 2021 WL 1559156 at *2 (W.D. Mich. April 12, 2021).

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . . .
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

Id. (citing 7 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1655 (3d ed. 2001), quoted in Proctor v. Applegate, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and Garcia v. Munoz, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); see also United States v. Mississippi, 380 U.S. 128, 142–43 (1965)).

Permissive joinder under Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1997). The purpose of Rule 20 is to address the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Rule 20 sets forth two specific

4

requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe, 558 F.2d at 917).

As to the first requirement, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). "The 'same transaction' requirement of Rule 20 refers to 'similarity in the factual background of a claim; claims that arise out of a systematic pattern of events' and have a 'very definite logical relationship.'" Hubbard v. Hougland, 2010 WL 1416691, at *7 (E.D. Cal. Apr. 5, 2010) (quoting Bautista v. Los Angeles County, 216 F.3d 837, 842-843 (9th Cir. 2000)). Additionally, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Coughlin, 130 F.3d at 1351.

As to the second requirement, commonality under Rule 20 is not a particularly stringent test. See Johnson v. Shaffer, 2013 WL 140115, at *2 (E.D. Cal. Jan. 10, 2013) (citing Bridgeport Music, Inc. v. 11 C Music, 202 F.R.D. 229, 231 (M.D. Tenn. 2001)). The Rule requires only a single common question, not multiple common questions. Fed. R. Civ. P. 20 ("any question of law or fact common to . . ."). "The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." Johnson, 2013 WL 140115, at *2 (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). And even if a court finds that the requirements have been met, "a district court must examine whether permissive joinder would 'comport with principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Company, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Desert Empire Bank, 623 F.2d at 1375 (finding that the district court did not abuse its discretion when it severed certain plaintiff's claims without finding improper joinder)).

/ / /

/ / /

Under Rule 20(b), the district court may sever claims or parties in order to avoid prejudice. Fed. R. Civ. P. 20(b). Courts have also exercised their discretion to sever where "[i]nstead of making the resolution of [the] case more efficient . . . joinder would instead confuse and complicate the issues for all parties involved." Rodriguez v. Tilton, 2013 WL 1163796, at *6 (E.D. Cal. Mar. 20, 2013) (quoting Wynn v. Nat'l Broad. Co., 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) (finding that even where Rule 20 requirements for joinder are satisfied, the court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]")) (citing Coleman, 232 F.3d at 1350).

If, however, the requirements for permissive joinder are not satisfied, courts may look to Rule 21. Coughlin, 130 F.3d at 1350. Under Rule 21, where a court finds misjoinder, it may "drop a party" or "sever any claim against a party" as it considers just, but it may not dismiss the entire action. Fed. R. Civ. P. 21. In other words, where there is misjoinder, a court "has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'" DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006); see, e.g., Gilmore v. Bauder, No. 1:19-CV-01229-NONE-SKO, 2021 WL 634731 at *3 (E.D. Cal. Feb. 18, 2021) (dismissing severed claims without prejudice); see also Harrison v. Linde, No. 2:12-CV-2000 KJM CKD, 2013 WL 3872833 at *1 (E.D. Cal. July 25, 2013) (directing the clerk of court to assign a new case number for the severed claims). In determining which of the two remedial options should be applied, the court should consider the following factors, inter alia: (1) the relevant statute of limitations; (2) where the parties are in the discovery process; and (3) the past and future expenditures of both the court and the parties. See Robinson v. Geithner, No. 1:05-CV-01258-LJO-SKO, 2011 WL 66158 at *10 (E.D. Cal. Jan. 10, 2011). The remedial option the court chooses could have critical effects.

For example, "[w]hen a court 'drops' a defendant under Rule 21, that defendant is dismissed from the case without prejudice." DirecTV, Inc., 467 F.3d at 845 (citing Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1068 (3d Cir. 1979)); see also Elmore v. Henderson, 227 F.3d 1009, 1011–12 (7th Cir. 2000) (Posner, J.). "When that occurs, the 'statute

6

of limitations is not tolled' because we treat the initial complaint 'as if it never existed." DirecTV, Inc., 467 F.3d at 845 (citing Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005). However, "when a court 'severs' a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." DirecTV, Inc., 467 F.3d at 845 (citing White v. ABCO Eng'g Corp., 199 F.3d 140, 145 n. 6 (3d Cir. 1999)); see also Jenkins v. Lares, No. 2:13-CV-2273-DB, 2017 WL 3381809 at *6-7 (E.D. Cal. Aug. 7, 2017).

The actual severance of claims may be effectuated by assigning claims to case numbers. See Jenkins, 2017 WL 3381809 at 7*. For example, in Jenkins the court severed the case into four separate actions, i.e., four separate claims. Id. The court assigned the case number of the original action to the plaintiff's first claim. Id. The court then directed the clerk of court to assign the three remaining claims to three different case numbers. Id.

Here, Plaintiff brings claims against multiple defendants working in different prisons and at different times. The claims are very different, including providing toxic chemicals to inmates targeting Plaintiff, destruction of Plaintiff's personal property, and refusals to investigate or provide medical care to Plaintiff. These claims did not arise out of the same transaction or occurrence, as required by Rule 20, and they lack a definite, logical relationship. Permissive joinder of the named defendants would not comport with the principles of fundamental fairness and would confuse and complicate the issues for all parties. Plaintiff will be provided an opportunity to proceed with separate actions against properly joined defendants and should take care to understand and follow the rules outlined in this order.

### III.  CONCLUSION

Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend,

all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Given the improper joinder issue, Plaintiff has the following options: (1) Plaintiff may file an amended complaint which does not allege claims against defendants improperly joined under Rule 20; and (2) Plaintiff may file separate actions against defendants not named in the newly amended complaint.

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and
2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated:  July 11, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE