**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS DAVIES, et al., | No.  2:25-cv-0485-DC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| REYNOSO, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel. See ECF No. 26.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive, and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not find the required exceptional circumstances. Plaintiff contends that the appointment of counsel is warranted because (1) he is indigent, (2) imprisonment will limit his ability to litigate, (3) a trial will likely involve conflicting testimony, and (4) efforts to obtain a lawyer via letters were "lost by CDCR staff."  See ECF No. 26.  The Court finds that these reasons do not present exceptional circumstances.  First, Plaintiff has not explained or demonstrated any likelihood of success on the merits based on these contentions. Next, although Plaintiff is imprisoned and has limited access to the legal library, his initial and amended complaints evidence his ability to articulate his claims himself.  Finally, the Court does not find at this time that the case presents complex factual or legal issues.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 26, is denied.

**Dated:  February 9, 2026**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2