IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS ALLEN DAVIES,

        Plaintiff,

     v.

REYNOSO, et al.,

        Defendants.

No.  2:24-CV-0485-DC-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion entitled "Motion to Request Emergency Processing of Above Case and Protection from CDCR Employees, Removal from CDCR."  See ECF No. 24.

In his two-page motion, Plaintiff claims that unnamed prison officials are exposing him to toxic fumes and placing chemicals in his food.  See id.  It is unclear what relief Plaintiff seeks.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  When a mandatory injunction is sought – one that goes

1

beyond simply maintaining the status quo during litigation – the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly supports injunctive relief. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc).  Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." Id. (internal quotations omitted).

To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'"  See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself.  See id.  This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally." See id. (quoting De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

The Court cannot issue an order against individuals who are not parties to the action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is

some evidence of an expectation of being transferred back.  See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).  Finally, pursuant to the Prison Litigation Reform Act, any injunction with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); see also Wonnacott v. Heehn, 2021 WL 970453 (D. Oregon 2021).

To the extent Plaintiff seeks some form of injunctive relief, the Court finds that such relief is not available.  Plaintiff seeks injunctive relief directed to unnamed prison officials. According to Plaintiff, as outlined in the operative second amended complaint, the defendants in this case are prison officials at Mule Creek State Prison, the California Health Care Facility, and/or the R.J. Donovan Correctional Center.[1]  Plaintiff has not identified any currently named defendant in the pending motion.  As explained above, the Court cannot issue injunctive relief directed to non-parties

Based on the foregoing, the undersigned recommends that Plaintiff's motion, ECF No. 24, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 4, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1]    Plaintiff's misjoinder of disparate claims arising at different institutions will be addressed by separate order.

3